IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

<table>
<tr><td>
ANDREA JACOBSON,<br><br>
      Plaintiff,<br><br>
vs.<br><br>
KETCHIKAN POLICE DEPARTMENT;<br>
CITY OF KETCHIKAN, and<br>
Individually DAN ANSLINGER,<br>
Individually and as Police<br>
Chief; GRANT SIREVOG,<br>
individually and as Deputy and<br>
current Police Chief; KARL<br>
AMYLON, Individually and as<br>
Ketchikan City Manager,<br><br>
      Defendants.
</td><td>
Case No. K03-0003 CV (RRB)<br><br><br><br>
<u>ORDER REGARDING DEFENDANTS'</u><br>
<u>MOTION FOR SUMMARY JUDGMENT</u>
</td></tr>
</table>

I.    INTRODUCTION

Before the Court are Defendants with a Motion for Summary Judgment (Docket No. 28).  Defendants argue the Court should grant their Motion for Summary Judgment because Plaintiff Andrea Jacobson "cannot establish a <u>prima</u> <u>facie</u> case of discrimination or retaliation, and as a result the rest of her claims fail."[1]  In the

---

[1]    Clerk's Docket No. 28 at 2.

alternative, Defendants argue partial summary judgment should be granted since:

> [Plaintiff's] claims in part are time barred, there is no basis to impose punitive damages, or damages for constructive discharge, the claims against individuals on Counts I, III, IV and V, should be dismissed since no claim can be stated against them, Count IV, [P]laintiff's [§] 1983 claim[,] should be dismissed since [P]laintiff's speech is not protected, Count IV, should be dismissed against the City [of Ketchikan] and [the Ketchikan Police Department ("KPD")] since there is no official capacity claim that can be stated, qualified immunity requires dismissal of the individual [D]efendants in Count IV, and [P]laintiff's constructive discharge and her claims regarding the Deputy Chief promotion should be dismissed for failure to exhaust administrative and contractual remedies.[2]

Plaintiff opposes at Docket 43 and argues:

> The facts viewed most favorably to Plaintiff, with inferences in her favor, clearly show she has established her prima facie case for failure to promote due to gender discrimination and retaliation, and she has ample evidence of pretext. The same facts and circumstances support Plaintiff's § 1983 claims and, therefore, Defendants' motion should be denied and trial of this matter before a jury should proceed.[3]

Notwithstanding, Plaintiff concedes that there are three aspects of Defendants' motion to which she does not object:

> (1) [Plaintiff] agrees she is making no damages claims for incidents taking place before January 24, 2001; prior events and her

---

[2]  Id.

[3]  Clerk's Docket No. 43 at 2-3.

employment history are discussed as background evidence to her timely claims, as approved in <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002)[;] (2) Plaintiff does not contend the individual [D]efendants should be personally liable under Title VII or [Alaska Statute §] 18.80.220; but she does make claims against the individuals pursuant to [Alaska Statute §] 18.80.260 and § 1983[; and] (3) Plaintiff does not object to the dismissal of her breach of contract claim (Count V).[4]

Consequently, inasmuch as Plaintiff has

withdrawn completely two of the claims of discriminatory and/or retaliatory failure to promote, i.e., the promotion of Sergeant Alan Bengaard to Lieutenant of Investigations, and the promotion of Lieutenant Guzman to the Deputy Chief position,[5]

the Court **GRANTS** "Defendants summary judgment on Counts I through IV to the extent that they are based on a claim of discrimination, retaliation, aiding and abetting, or a § 1983 violation <u>in failing to promote [P]laintiff to those positions</u>."[6] Moreover, inasmuch as "Plaintiff has also failed to make an argument in her opposition to dismissing Dan Anslinger, Grant Sirevog, and Karl Amylon as individually named [D]efendants from Count I involving discrimination and Count III involving retaliation,"[7] the

---

[4]   <u>Id.</u> at 33.

[5]   Clerk's Docket No. 45 at 2.

[6]   <u>Id.</u> (emphasis added).

[7]   <u>Id.</u> Moreover, Plaintiff conceded, at oral argument, that said claims against the individual Defendants are not viable based (continued...)

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3
K03-0003 CV (RRB)

individual Defendants are hereby **DISMISSED** from Counts I and III. And, because Plaintiff "has withdrawn completely her claim that she can establish a breach of the implied covenant of good faith and fair dealing, Count V of her complaint,"[8] judgment is entered **DISMISSING** Count V in favor of Defendants.  As to the remainder of Defendants' arguments, the Court's decision follows.[9]

## II.  FACTS

Inasmuch as the facts are well known to the parties and more than substantially briefed within the applicable pleadings,[10] they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of

---

[7](...continued)
upon federal and state law.

[8]    Id.

[9]    Oral argument was heard on the motion on November 22, 2005, in Anchorage, Alaska.

[10]    "The Court has been provided an extensive discussion of the underlying facts giving rise to this case in the briefing on the motion for summary judgment and in the opposition to the motion."  Clerk's Docket No. 45 at 2.  See Clerk's Docket No. 28 at 1-19; and Clerk's Docket No. 43 at 1-32.

showing that there is no genuine dispute as to material fact.[11]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[12]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[13]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[14]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[15]

## IV.  DISCUSSION

### A.  Plaintiff's Affidavit Shall Be Considered by the Court.

Plaintiff has filed a supplemental affidavit (Docket No. 39) with her Opposition to Defendants' Motion for Summary Judgment (Docket No. 43).  In response, Defendants filed a Motion to Strike Plaintiff's Affidavit (Docket No. 59), wherein Defendants

---

[11]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[12]    Id. at 323-325.

[13]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[14]    Id. at 255.

[15]    Id. at 248-9.

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5
K03-0003 CV (RRB)

argue the affidavit should be stricken because it is "self-serving" and/or a sham.  While the affidavit may be "self-serving," the Courts notes:

> [A] non-moving party is not precluded from elaborating upon, examining, or clarifying prior testimony elicited by opposing counsel on deposition, minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence.[16]

Consequently, Defendants' Motion to Strike Plaintiff's Supplemental Affidavit in Support of Opposition to Motion for Summary Judgment (Docket No. 59) is hereby **DENIED** but without prejudice.  Defendants may, more appropriately, object to statements made by Plaintiff, both in her affidavit and made orally, at or during trial.

**B.    Count I - Gender Discrimination.**

Defendants move for summary judgment on the state and federal gender discrimination claims Plaintiff made in Count I of her Complaint.[17]

> In her opposition, [Plaintiff] argues that Defendants are not entitled to summary judgment on the gender discrimination claims because she has established a <u>prima</u> <u>facie</u> case that she was qualified for the three sergeant's [sic] and one lieutenant's position offered in 2001 and 2002, and because the

---

[16]    <u>Messick v. Horizon Industries Inc.</u>, 62 F.3d 1227, 1231 (9th Cir. 1995).

[17]    Clerk's Docket No. 45 at 15.

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6
K03-0003 CV (RRB)

other employees with similar qualifications
were treated more favorably.[18]

Plaintiff then argues Defendants' actions were pretextual in that
Defendants have failed to articulate nondiscriminatory reasons for
their actions.[19]

### 1.   The Prima Facie Case.

Pursuant to Dominquez-Curry v. Nevada Transp. Dept., 424
F.3d 1027, 1037 (9th Cir. 2005),

> [P]laintiff must show that (1) she belongs to
> a protected class; (2) she applied for and was
> qualified for the position she was denied; (3)
> she was rejected despite her qualifications;
> and (4) the employer filed the position with
> an employee not of [P]laintiff's class, or
> continued to consider other applicants whose
> qualifications     were     comparable     to
> [P]laintiff's after rejecting plaintiff. See
> McDonell Douglas [Corp. v. Green, 411 U.S. 792
> (1973)]. At summary judgment, the degree of
> proof necessary to establish a prima facie
> case is "minimal and does not even need to
> rise to the level of a preponderance of the
> evidence." Lyons v. England, 307 F.3d 1092,
> 1112 (9th Cir. 2002)(quoting Wallis v. J.R.
> Simplot Co., 26 F.3d 885, 889 (9th Cir.
> 1994)).

It's undisputed that Plaintiff – a female – belongs to a
protected class.  It's further undisputed that Plaintiff was not
selected for promotion to any of the positions for which she
applied and that those positions were filled by employees not of

---

[18]    Id. (citation omitted).

[19]    Id.

her class, i.e., the positions were filled by men.  Defendants
contend, however, that Plaintiff was not otherwise "qualified" for
the promotions she sought.  However, to establish a _prima facie_
case, Plaintiff need only show "by a preponderance of the evidence"
that she was qualified for the position.[20]  Plaintiff has clearly
done so.[21]  As a result, the Court concludes Plaintiff has
successfully established a _prima facie_ case of discrimination.[22]

    **2.  Pretext**.

> [Once] established, the _prima facie_ case
> creates a rebuttable presumption that the
> employer unlawfully discriminated against the
> plaintiff.  _Id._  The burden of production then
> shifts to the employer to articulate a
> legitimate, nondiscriminatory reason for its
> action.  _Id._  If the employer meets this
> burden, the presumption of unlawful
> discrimination "simply drops out of the
> picture."  _St. Mary's Honor Ctr. v. Hicks_, 509
> U.S. 502, 511 (1993).  The plaintiff must then
> produce sufficient evidence to raise a genuine
> issue of material fact as to whether the
> employer's proffered nondiscriminatory reason
> is merely a pretext for discrimination.

---

[20]    1 Barbara Lindemann & Paul Grossman, _Employment
Discrimination Law_ 726 (3d ed. 1996)(citations omitted).

[21]    Indeed, Plaintiff "was a 21 year police officer at [the]
Ketchikan Police Department," Clerk's Docket No. 43 at 2, and a
"review of [her] performance evaluations indicates they are very
good, with a large number of 4's and 5's, the highest possible
marks." _Id._ at 8.

[22]    Had the Court utilized Defendants' test to establish a
_prima facie_ case for discrimination, _see_ _McGinest v. GTE Service
Corp._, 360 F.3d 1103 (9th Cir. 2004); _Jaurequi v. City of Glendale_,
852 F.2d 1128 (9th Cir. 1988), which test it did not use, it would
also have found in favor of Plaintiff on this issue.

Coleman v. Quaker Oats Co., 232 F.3d 1271, 1282 (9th Cir. 2000).  The plaintiff may show pretext either (1) by showing that unlawful discrimination more likely motivated the employer, or (2) by showing the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable.  Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220-22 (9th Cir. 1998). Ultimately, the plaintiff's burden is to produce some evidence suggesting that [the defendant's] failure to promote [her] was due in part or whole to discriminatory intent.[23]

Plaintiff has established a prima case for discrimination, and Defendants have articulated a legitimate non-discriminatory reason for their conduct: the other candidates were more qualified for the promotions.[24]  As a result, Plaintiff must produce "specific, substantial evidence" that Defendants' reasons for not promoting her were "pretextual."[25]  To that end, Plaintiff provides the Court with eleven bullet point assertions.[26]  While Defendants argue "these ipse dixit assertions do not establish pretext or demonstrate inconsistency or unbelievability or a

---

[23]     Dominguez-Curry, 424 F.3d at 1037.

[24]     Clerk's Docket No. 45 at 27 ("The undisputed evidence in this case reveals that the [Ketchikan Police Department] selected, and honestly believed it selected, the most qualified and highest scoring candidates when it made its promotion decisions.").

[25]     Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983).

[26]     Clerk's Docket No. 43 at 52-3.

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9
K03-0003 CV (RRB)

discriminatory motive,"[27] the Court concludes Plaintiff's assertions, when combined with the entirety of the record, reveal there are genuine factual disputes regarding which candidates were more qualified for the promotions at issue.[28]  Consequently, Defendants' Motion for Summary Judgment (Docket No. 28) is hereby **DENIED** with respect to Count I.

    **C.    Count II – Alaska Stat. § 18.80.260**[29].

    "Plaintiff seeks relief in Count II on the ground that individual Defendants Anslinger, Sirevog, and Amylon aided and abetted and conspired with each other to prevent her from receiving promotions."[30]  Defendants counter and argue "[t]he Court should reject [Plaintiff's] argument because it is not supported by any evidence and [is] contrary to the law."[31]  The Court agrees. Defendants' Motion for Summary Judgment is hereby **GRANTED** with respect to Count II.

---

[27]    Clerk's Docket No. 45 at 28-9 n.7.

[28]    "Particularly noteworthy are the 4's and 5's [Plaintiff] received for her supervisory skills, which was the reason advanced contemporaneously for the [alleged] failure to promote [Plaintiff] to the . . . positions she challenges in this litigation." Clerk's Docket No. 43 at 8.

[29]    Alaska Stat. § 18.80.260 provides: "It is unlawful for a person to aid, abet, incite, compel, or coerce the doing of an act forbidden under this chapter or to attempt to do so."

[30]    Clerk's Docket No. 45 at 32 (citation omitted).

[31]    Id.

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10
K03-0003 CV (RRB)

**D.    Count III – Retaliation.**

In Count III, Plaintiff filed a retaliation claim under Title VII and Alaska Statute § 18.80.220 alleging Defendants "retaliated against [Plaintiff] for reporting her alleged discrimination, failure to promote and unlawful conduct causing her constructive discharge, and filing complaints with [the Alaska State Commission for Human Rights (ASCHR)]."[32] Defendants oppose and argue the "temporal connection" between the protected activity and the alleged adverse action is too great.

> In order to make out a prima facie case of retaliation, a plaintiff must show that (1) she was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action.[33]

Moreover, "[t]o support an inference of retaliatory motive, the adverse employment decision must have occurred 'fairly soon after the employee's protected expression.'"[34]

"Over 8 years elapsed from the time [Plaintiff filed] her ASCHR complaint in April 1992 and her failure to receive the

---

[32]    Id. at 34 (citation omitted).

[33]    Bergene v. Salt River Project Agr. Imp. and Power Dist., 272 F.3d 1136, 1140-41 (9th Cir. 2001)(citing Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 755 (9th Cir. 1997)).

[34]    Clerk's Docket No. 45 at 35 (quoting Paluck v. Gooding Rubber Co., 221 F.3d 1003, 1009-10 (7th Cir. 2000))(emphasis added).  See also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002).

sergeant's position that Waldren received in January 2001."[35]  And, "between nine months and a year passed from the time [Plaintiff] filed her March 2001 ASCHR complaint regarding her failure to obtain the Waldren promotion and her subsequent failure to be promoted . . . ."[36]  As a result, and for additional reasons more carefully articulated in Defendants' Reply to Opposition to Motion for Summary Judgment (Docket No. 45), the Court concludes Plaintiff "has failed to establish a timely temporal connection between either her April 1992 or March 2001 ASCHR complaints and any of the promotions"[37] at issue.  As a result, Plaintiff cannot make out a prima facie case for retaliation.[38]  Therefore, Defendants' Motion for Summary Judgment on Count III is hereby **GRANTED**.

    **E.    Count IV – 42 U.S.C. § 1983.**

        Plaintiff has also "filed a claim under 42 U.S.C. § 1983 against the individual defendants in their individual and official capacities."[39]  In particular, Plaintiff claims:

-------------------

[35]    Id. (citation omitted).

[36]    Id. at 35-6 (citation and footnote omitted).

[37]    Id. at 36.

[38]    "[A]s a matter of law, no inference of retaliation can be made because of the length of time between the protected activity and the alleged retaliatory conduct."  Id. (citing Villiarimo, 281 F.3d at 1065).

[39]    Clerk's Docket No. 28 at 59 (citation omitted).

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 12
K03-0003 CV (RRB)

[T]he individual defendants violated § 1983 by: (1) committing sex discrimination and retaliation in violation of Title VII; (2) violated the equal protection clause of the 14th Amendment to the United States Constitution; (3) discriminated against her for reporting matters of public concern in violation of the First Amendment of the United States Constitution; and (4) constructively discharged her.[40]

### 1.   Plaintiff's Title VII Claim.

"Plaintiff does not contend the individual [D]efendants should be personally liable under Title VII . . . ."[41]  However, inasmuch as Defendant Amylon could be considered a "final policy maker,"[42] and there is evidence that Defendant Amylon <u>may</u> have acted with "deliberate indifference" toward Plaintiff,[43] Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's Title VII claim(s), is hereby **GRANTED** with respect to: (1) Defendants Amylon, Anslinger, and Sirevog, in the individual

---

[40]    Clerk's Docket No. 45 at 37.

[41]    Clerk's Docket No. 43 at 33.

[42]    Defendants concede "only Amylon, as the City Manger, could be considered a final policy maker." Clerk's Docket No. 45 at 38 (citation omitted).

[43]    For example, Defendant Amylon referenced Plaintiff's ASCHR filings during her grievance hearings. Clerk's Docket No. 43 at 58 & Ex. 546.  The various briefings are not entirely clear as to his reason(s) for doing so.

capacities; (2) the Ketchikan Police Department[44]; and (3) Defendants Anslinger and Sirevog, in their official capacities.

Defendants' motion _may_ have been denied with respect to: (1) the City of Ketchikan; and (2) Defendant Amylon, in his official capacity; however, because Plaintiff has not presented evidence that Defendant Amylon, a final decision maker, knew his specific conduct violated clearly established rights, Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's Title VII claim(s), is hereby **GRANTED** in its entirety.

### 2.   Plaintiff's Fourteenth Amendment Claim.

"To succeed on a § 1983 equal protection claim, . . . [Plaintiff] must prove that the [D]efendants acted in a discriminatory manner and that the discrimination was intentional."[45]  Plaintiff's case fails this test.  Indeed, there is no _direct_ evidence of gender animus.  Consequently, Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's Fourteenth Amendment claim, is hereby **GRANTED.**

---

[44]   "[A] separate § 1983 claim cannot be made against a police department as it is not deemed a legal entity separate from the City of Ketchikan."  Clerk's Docket No. 45 at 39 (_citing_ West By and Through Norris v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997)).  While the Court recognizes _West_ is not authoritative, it is persuasive on this point.

[45]   _Reese v. Jefferson School Dist. No. 14J_, 208 F.3d 736, 740 (9th Cir. 2000)(citation omitted).

### 3.   Plaintiff's First Amendment Claim.

Plaintiff has failed to state a claim under the First Amendment.  According to the Supreme Court in <u>Connick v. Myers</u>, 461 U.S. 138, 147 (1983),

> [W]hen an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of a personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

The present case does not amount to the "most unusual [of] circumstances."  Consequently, Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's First Amendment claim, is hereby **GRANTED**.

### 4.   Constructive Discharge.

To determine whether Plaintiff was constructively discharged on the basis of sex, the Court "must find that a reasonable person in [her] position would have felt that [she] was forced to quit because of intolerable <u>and</u> discriminatory working conditions."[46]  In doing so, courts have further been directed to look for "'aggravating factors,' such as a 'continuous pattern of

---

[46]   <u>Satterwhite v. Smith</u>, 744 F.2d 1380, 1381 (9th Cir. 1984)(citations omitted)(emphasis added).

discriminatory treatment.'  As a result, the answer turns on the facts of each case."[47]

> Whereas here, the Court concludes:
>
> [T]here <u>were</u> aggravating factors and a continuous pattern: the four missed promotions in 19 months, the Defendants' use of Plaintiff's transfer out of investigations against her without considering her recent record in Patrol and her supervisory scores, [and] Chief Sirevog's attempt to have her supervisory score in her evaluations <u>lowered</u>,[48]

Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's constructive discharge claim, would likely have been **DENIED** were it not for Plaintiff's failure to exhaust her contractual remedies, before filing the same.[49]  As a result, Defendants' Motion for Summary Judgment as to Count IV, based on Plaintiff's constructive discharge claim, is **GRANTED.**

**5.    Qualified Immunity**.

Were the Court to rule differently with respect to Plaintiff's § 1983 claims, which it does not do, Defendants' Motion for Summary Judgment as to Count IV would still be **GRANTED** because the Court further concludes Plaintiff has not presented evidence

---

[47]    <u>Id.</u> at 1382 (citations omitted).

[48]    Clerk's Docket No. 43 at 69 (emphasis in original).

[49]    As cited by Defendants' counsel during oral argument on the issue, "The city personnel rules require; specifically, that any claim for constructive discharge be submitted to the personnel board prior to going any further."

that the decision makers knew their specific conduct violated clearly established rights.

### 6. Punitive Damages.

For reasons more carefully articulated in Defendants' Reply to Opposition to Motion for Summary Judgment, "there is simply no evidence of <u>outrageous</u> [conduct] by any of the . . . [D]efendants in this case."[50]  The Court concludes, therefore, Plaintiff is <u>not</u> entitled to punitive damages.

## V. CONCLUSION

Defendants' Motion for Summary Judgment (Docket No. 28) is hereby **GRANTED** with respect to Counts II through V and **DENIED** with respect to Count I.  The individual Defendants, however, are **DISMISSED** from Count I.

ENTERED this 5th day of January, 2006.


/S/_____
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[50]    Clerk's Docket No. 45 at 47.

ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 17
K03-0003 CV (RRB)