IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT KETCHIKAN

| | |
|---|---|
| ANDREA JACOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KETCHIKAN POLICE DEPARTMENT, ) | |
| CITY OF KETCHIKAN, ) | |
| ) | |
| Defendant. ) | Case No. K03-0003-CV (RRB) |
| _____) | |

**MOTION FOR RECONSIDERATION OF ORDER**
**REGARDING MOTION FOR SUMMARY JUDGMENT**

Pursuant to D.Ak. LR 59.1 and Fed. R. Civ. P. 60, Plaintiff Andrea Jacobson moves for reconsideration of the Court's Order on Summary Judgment entered January 5, 2006. Reconsideration is necessary on two issues: (1) the dismissal of Plaintiff's retaliation claim, and (2) the dismissal of Plaintiff's constructive discharge claim, both under AS 18.80.220 and Title VII.

**I. RETALIATION**

A. The Court Failed to Consider Plaintiff's View Regarding Retaliation

In ruling Plaintiff failed to establish a timely temporal connection between her March 2001 ASCHR complaint and the subsequent promotions, the court relied on Defendant KPD's version of events. But protected activity may constitute internal complaints as well as external.[1] After Plaintiff filed her ASCHR claim on the Lance

---

[1] Protected activity is more than simply filing with a commission; it also can be engaging in other activity to "oppose" an employer's discriminatory practices, such as Jacobson's personnel policy grievances. *Raad v. Fairbanks North Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2002).

Motion for Reconsideration
Case No. K03-0003 CV (RRB)
Page 1 of 5

Waldren promotion, there were six instances of protected activity and eight incidents of retaliation, leading up to the constructive discharge. The finding of a time lapse between nine months to a year between events was a factual error, considering the view most favorable to Plaintiff. See Timeline of Events with citations to the Summary Judgment record, attached.

    B.    <u>It Was Error as a Matter of Law To Dismiss Plaintiff's Retaliation Claims on Timing Alone</u>

The Order on Summary Judgment cites *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009-10 (7th Cir. 2000), for the proposition that the adverse employment decision must have occurred "fairly soon after the employee's protected expression" to constitute retaliation. But in *Paluck*, it was the year's interval, <u>standing alone</u>, that was too long to raise an inference. This does not mean that a plaintiff cannot prove retaliation caused her discharge; "it means that the timing of her discharge, in itself, does not support an inference of retaliation, and she must come forward with other evidence." Clearly, the *Paluck* court did not intend to hold that passage of time alone precluded the plaintiff from bringing her retaliation claim.[2]

In *Porter v. Cal. Dept. of Corrections*, 419 F.3d 885, 895 (9th Cir. 2005), the Ninth Circuit court explained:

> It is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn. The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific. When there may be valid reasons why the adverse employment action was not taken immediately, the absence of immediacy between the cause and effect does not disprove causation.

---

[2] Similarly, *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002) (nearly 18-month lapse is simply too long, <u>by itself</u>, to give rise to an inference of causation).

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

**Lee Holen Law Office**
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

Thus, it was error to dismiss Plaintiff's claim of retaliation based on the passage of time between protected activity in March 2001 and subsequent failures to promote, without considering the facts most favorable to Jacobson. There was ample evidence of protected activity and retaliation in the summary judgment record, as illustrated by the Timeline, attached.

## II. CONSTRUCTIVE DISCHARGE

Plaintiff's constructive discharge allegations were dismissed for failure to exhaust her contractual remedies per the City's personnel rules before filing suit. It is true the City personnel policies have a grievance procedure to "encourage" informal resolution, and a clause that indicates constructive discharge appeals must be made to the Personnel Board within 10 days. But there is no clear and unmistakable notice that an employee is waiving her Title VII or any other statutory rights, as required by law. Further, there is no provision for relief or damages to be awarded, and instead, the Board reports back to the City Manager, who rejected all Jacobson's grievances. Defendant's Exhibit E at 29, 31.

### A. The Dismissal of the Constructive Discharge Claim Is Contrary to *Hammond v. State*

Two Alaska cases are controlling on the AS 18.80.220 claim confirming that Jacobson is not required to grieve her statutory claims: (1) *City of Fairbanks v. Rice*, 20 P.2d 1097 (Alaska 2000), where the plaintiff-employees never pursued their internal remedies at all, yet still could bring statutory claims; and (2) *Hammond v. State,* 107 P.3d 871 (Alaska 2005), where the employee pursued his internal remedies to an unsuccessful conclusion, yet still was allowed to pursue his statutory claims absent a clear and unmistakable waiver of rights.

In *Hammond*, the Alaska court held:

> [A]n employee's exercise of the right to arbitrate under a CBA does not preclude subsequent litigation of related statutory claims in state court unless the employee clearly and

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net

> unmistakably submits the statutory claims to arbitration. An employee is not required to choose between the rights provided by a CBA and the rights provided by statutes such as the Alaska Whistleblower Act; <u>absent a clear and unmistakable waiver, the employee is entitled to both</u>. [107 P.3d at 877, overruling *Barnica v. Kenai Peninsula Bor. Sch. Dist.,* 46 P.3d 474 (Alaska 2002).]

Similarly in *Rice,* the court pointed out that because the legislature authorized individuals to bring separate civil actions on the statutory claims, it was unlikely it intended to require exhaustion before filing those statutory claims. The plaintiffs did not need to pursue their union grievance remedies at all, because their statutory claims provided remedies that would not have been available under internal procedures.

Further, it is not significant that the Ketchikan appeal process specifically references constructive discharge; the court in *Rice* confirmed this:

> The claims they asserted do not require exhaustion of administrative remedies. And the facts underlying the Whistleblower Act claim and any constructive discharge intertwine. We will not require employees to sever those issues and arbitrate one before proceeding judicially on the other. *PSEA* at 775. Likewise, Rice was not required to pursue a failure-to-promote administrative claim because his assertion that he was not promoted is closely aligned with his Whistleblower Act and § 1983 claims. (Footnote omitted.)

Like Rice and DeSpain, Jacobson's constructive discharge claim is "intertwined" and "closely aligned" with her failure to promote and retaliation claims, and no exhaustion of the City's process is required.

  B. <u>Title VII Claims</u>

Title VII specifically requires that a plaintiff file charges with a local or state commission, or the EEOC, and obtain a right to sue letter before filing suit. 42 U.S.C. § 2000e-5(f)(1). Jacobson performed the statutory conditions precedent, <u>and that is all she needs to do</u>. In a non-union context, the argument that a Title VII plaintiff must

exhaust the employer's internal remedies was made in *Miller v. Bank of America*, 600 F.2d 211, 213 (9th Cir. 1979). There, the Ninth Circuit declined to read an exhaustion of remedies requirement into Title VII, explaining:

> [W]e will not engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798-99 (1973).[3]

Exhaustion therefore is not a precondition to a Title VII suit.

For these reasons, Plaintiff respectfully requests reconsideration on the issues of retaliation and constructive discharge.

DATED this ____ day of January, 2006.

                LEE HOLEN LAW OFFICE
                Attorney for Plaintiff

                _____
                Lee Holen
                Alaska Bar No. 7810071

Certificate of Service
I hereby certify that on the _____ day of January, 2006, a copy of the foregoing was hand-delivered to:

Cynthia L. Ducey, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501

_____
Lee Holen

---

[3] *EEOC v. Commercial Office Products*, 486 U.S. 107 (1988), is useful by analogy. There, a state's 180 day limitations period was not allowed to override the EEOC's 300 day filing period. If the Supreme Court refused to import state procedural requirements into Title VII, it follows it would not import exhaustion of City grievance policies to deprive a plaintiff of her Title VII rights.

Lee Holen Law Office
608 West Fourth Avenue, Suite 21
Anchorage, Alaska 99501
Tel. (907) 278-0298 - Fax (907) 278-0247
E-Mail: leeholen@gci.net